IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS PACHECO,

        Petitioner,               No. 2:11-cv-2213 GEB JFM (HC)

    vs.

KATHLEEN ALLISON,            <u>ORDER AND</u>

        Respondent.           <u>FINDINGS & RECOMMENDATIONS</u>

                                /

        Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss this action as barred by the statute of limitations. Petitioner opposes the motion. Respondent's motion is set for hearing on March 1, 2012. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230.

DISCUSSION

A.     <u>The Petition is Untimely</u>

        Respondent seeks dismissal on the ground that the petition is untimely. Petitioner asserts his petition is timely.

        Section 2244(d)(1) of title 28 of the United States Code provides:

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On March 19, 2008, a jury convicted petitioner of one count of first degree murder with an enhancement for firearm use. See Lodgment ("LD") 1.

2. On April 16, 2008, petitioner was sentenced to an aggregate term of 50 years to life. LD 1.

3. Petitioner appealed to the California Court of Appeal, Third Appellate District. See LD 2. On February 11, 2010, the California Court of Appeal affirmed the judgment. Id.

4. Petitioner appealed to the California Supreme Court, which denied review on May 20, 2010. LD 3-4.

/////

5. Petitioner did not petition for a writ of certiorari from the United States Supreme Court during his direct appeal.

6. Petitioner did not file any collateral petitions for review.

7. On August 22, 2011, petitioner, through counsel, filed the instant petition for writ of habeas corpus.

Because petitioner did not petition for a writ of certiorari from the United States Supreme Court during his direct appeal, petitioner's conviction became final 90 days after the California Supreme Court's denial of review of petitioner's direct appeal. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, petitioner's conviction became final 90 days from May 20, 2010, or on August 17, 2010. See U.S. Sup. Ct. R. 13.3. ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . .") Once his conviction became final, petitioner had one year from the following day – August 18, 2010 – in which to file the instant petition. See 28 U.S.C. § 2244(d)(1)(A); Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.). Therefore, petitioner had until Wednesday, August 17, 2011 to commence this action. The petition, however, was not filed until Monday, August 22, 2011. See Doc. No. 1. Therefore, it appears to be untimely.

In his opposition and without indicating how he reached this date, petitioner calculates the last day to file his petition as Saturday, August 20, 2011. He then argues that his petition was timely because he electronically filed it on Friday, August 19, 2010 at 2:12 PM. See Opp'n, Ex. A. Based on the foregoing, however, it is evident that petitioner miscalculated the date for filing a timely petition.

Accordingly, the court finds the instant petition to be untimely as it was filed after the one-year statute of limitations.

/////

B.     Petitioner Not Entitled to Equitable Tolling

Alternatively, petitioner argues that equitable tolling should apply because his attorney miscalculated the date. Respondent argues that counsel's miscalculation does not warrant equitable tolling.

In order for a petitioner to be entitled to equitable tolling of AEDPA's one-year limitations period, he must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (citation omitted). Equitable tolling is appropriate "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) (tolling of statute of limitations due to extraordinary circumstances requires that a defendant diligently pursue his claim). A petitioner bears the burden of establishing that he pursued his rights diligently and that some extraordinary circumstances stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Grounds for equitable tolling are "highly fact-dependent." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003), citing Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc).

While the court will take as true petitioner's assertion that he has been pursuing his rights diligently, the court is unconvinced that tolling is applicable here as this is a case of miscalculation on counsel's part. Counsel for petitioner appears to concede that his negligence caused his client's petition to be untimely. See Opp'n at 3. An attorney's miscalculation of the limitations period, in and of itself, does not justify equitable tolling. Holland, 130 S. Ct. at 2564. Where professional misconduct is asserted, " 'a garden variety claim of excusable neglect' ... such as a simple miscalculation that leads a lawyer to miss a filing deadline ... does not warrant equitable tolling." Id. (quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) and Lawrence v. Florida, 549 U.S. 327, 336 (2007)). However, attorney misconduct may constitute an extraordinary circumstance entitling a petitioner to equitable tolling where the

4

conduct is "sufficiently egregious." Id.; Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling applied where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations); Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003), vacated on other grounds sub nom., Pliler v. Ford, 542 U.S. 225 (2004) (attorney moving out of state and leaving behind unusable work product for replacement counsel is an example of an attorney's failure to protect the client's interest that constitutes egregious conduct justifying equitable tolling). Analyzing whether the statute of limitations should be equitably tolled is "highly fact-dependent." Ford, 330 F.3d at 1107.

In this case, petitioner seeks equitable tolling based on his counsel's untimely filing of the instant petition. Without more than a miscalculation, however, the court cannot find that this amounts to any more than a "garden variety claim of attorney negligence." See Holland, 130 S. Ct. 2564 (internal quotation marks omitted). Petitioner fails to describe any other factual circumstances contributing to the untimely filing of his petition that would evidence the type of sufficiently egregious conduct on the part of counsel sufficient to warrant equitable tolling. Accordingly, the court should decline to equitably toll the statute based on attorney misconduct.

C.    Timeliness of Respondent's Motion to Dismiss

In his opposition, petitioner contends respondent's motion to dismiss should be stricken as untimely pursuant to Federal Rule of Civil Procedure "12(1)(a)(i)." No such provision exists, however. To the extent petitioner was referring to Rule 12(a)(1)(i), which directs a defendant to file a responsive pleading within 21 days after being served with the complaint, petitioner is directed to Rule 5 of the Rules Governing Section 2254 Cases, which provides that "[t]he respondent is not required to answer the petition unless a judge so orders." By order dated October 11, 2011, respondent was directed to file a response to the petition within 45 days.

/////

Respondent filed her motion to dismiss on November 17, 2011.  Thus, the motion to dismiss was timely.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

This court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.  Specifically, there is no showing that jurists of reason would find it debatable whether this action is time-barred.  Accordingly, the district court should decline to issue a certificate of appealability.

For all of the foregoing reasons, IT IS HEREBY ORDERED that the March 1, 2012 hearing on respondent's motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's November 17, 2011 motion to dismiss be granted;

2. This action be dismissed as barred by the statute of limitations; and

3. The district court decline to issue a certificate of appealability.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;pach2213.mtd